1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8  OWC SANTA CRUZ MFG LLC,

9          Plaintiff,

v.

10

11  CHRISTOPHER W. LOCHHEAD, et al.,

          Defendants.

12

Case No. 5:20-cv-05835-EJD

**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 4

13        On August 18, 2020, Plaintiff OWC Santa Cruz filed an *ex parte* motion for a temporary

14  restraining order against Defendants Monterey Storage Systems, LLC ("MSS"), Gil Spencer, Ben

15  Rewis, and Christopher Lochhead.  *Ex Parte* Motion for Temporary Restraining Order ("TRO"),

16  Dkt. 4.  On August 19, 2020, the case was reassigned to the undersigned.  Dkt. 13.  For the reasons

17  discussed below, the Court **DENIES** Plaintiff OWC's motion.

18        This case focuses on a contract dispute.  Plaintiff OWC and Defendant MSS are the sole

19  members of Interstitial Systems, Inc., a start-up cannabis processing company in Santa Cruz,

20  California.  Under the Interstitial Systems Operating Agreement, Defendant MSS held a 57.5%

21  interest in Interstitial Systems and Plaintiff OWC owned the other 42.5%.  TRO at 3.  The

22  Operating Agreement established that "any change of control" in OWC or MSS would trigger an

23  option to purchase the changed party's membership interest.  *Id.*  The party exercising the option

24  would be obligated to pay either an agreed upon amount or the fair market value as established by

25  an appraiser.  *Id.*  Both these options have various timelines for execution.  *Id.*  The Operating

26  Agreement provides that the "Members and Managers understand and agree that any member may

27

28

United States District Court
Northern District of California

1    suffer irreparable damage if this Agreement is not specifically performed." *Id.*

2         In September 2019, MSS was wholly owned and controlled by Tushar Atre.  However,

3    after Mr. Atre passed away in October 2019, Atre's Estate took over Mr. Atre's interest in MSS.

4    Allegedly, around this time, Defendant MSS "raided" Interstitial Systems and took a van of

5    documents from Interstitial System's place of business.  *Id.* at 4.  The Estate also got access to

6    various Interstitial Systems' computers after police officers returned the computers following their

7    investigation into Mr. Atre's death.  Defendant MSS refuses to return these documents or

8    computers to Interstitial Systems.  *Id.*  And, on or around April 13, 2020, MSS and MSS-

9    Appointed Managers changed the locks at Interstitial Systems without informing Plaintiff OWC

10   and did not allow OWC access to Interstitial Systems until June 2020.  To date, Defendant MSS

11   has refused to return any of the documents it took from Interstitial Systems or the computers it

12   obtained from police.

13        Because Mr. Atre's death resulted in a "change in ownership," Plaintiff OWC attempted to

14   exercise its right under the Operating Agreement to purchase MSS's interest in Interstitial

15   Systems.  Plaintiff OWC attempted to pay the fair market value of MSS's membership interest

16   within the prescribed timelines.  But, even after an appraisal, Defendant MSS refuses to comply

17   with the terms of the Operating Agreement and is allegedly attempting to require Plaintiff OWC to

18   pay more than the appraised value.

19        In early August 2020, MSS-Appointed Managers noticed a board meeting for August 6,

20   2020.  The draft of proposed resolutions made clear that "the meeting was to push through a series

21   of self-interested payments and resolutions for the benefit of MSS and MSS-related entities." *Id.*

22   at 6–7.  Nearly every item involved proposed payments to MSS-related entities; in fact,

23   approximately $650,000 was identified in the draft as payables for MSS-related entities.  Based on

24   this, Plaintiff OWC maintains that Defendant MSS's delay in turning over its membership interest

25   in Interstitial Systems is due to its desire to continue to influence Interstitial Systems.

26

27   Case No.: 5:20-cv-05835-EJD

28   ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY
     RESTRAINING ORDER

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10

"The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016). "A plaintiff seeking either remedy must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (internal citation and quotation omitted). On a temporary restraining order, a plaintiff must demonstrate that there exists a significant threat of irreparable injury. *See, e.g., Baker DC v. NLRB*, 102 F. Supp. 3d 194, 198 (D.D.C. 2015); *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) ("Under the 'serious questions' version of the [preliminary injunction] test" a plaintiff must still show that "there is a likelihood of irreparable injury.").

11
12
13
14
15
16
17
18
19
20
21

Plaintiff OWC relies primarily on the Operating Agreement to show irreparable harm. *See id.* at 14 ("Members and Managers understand and agree that any member may suffer irreparable damage if this Agreement is not specifically performed . . . ."). This *alone* cannot form the basis of a finding of irreparable harm. *See Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*, 2013 WL 5200175, at *8 (N.D. Cal. Sept. 16, 2013) ("While the court does not rely *exclusively* on this clause to find irreparable harm, the clause does support PTC's contention that the parties recognized the difficulty of keeping track of unauthorized copies and built in [] clauses to address that concern." (emphasis added) (footnote omitted)). In *Flextronics*, there was (1) a significant risk of spoliation and (2) that risk was confirmed by the parties' operating agreement. Thus, in finding irreparable harm, the *Flextronics* court relied on *both* the irreparable-harm operating provision *and* the plaintiff's showing of spoliation.

22
23
24
25
26

In contrast to *Flextronics*, Plaintiff OWC has not shown irreparable harm. Plaintiff OWC's alleged harms are monetary—they dispute Defendant MSS's refusal to sell its rights in Interstitial Systems and MSS's attempts to sell assets. Indeed, Plaintiff OWC admits in its motion that its issue is with MSS's managers' attempts to "direct as much [] money as possible to MSS and MSS-related individuals and entities." TRO at 15. Of course, MSS's ability to do this is

27
28

Case No.: 5:20-cv-05835-EJD
ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

limited by the fact that the bank accounts "are currently frozen." *Id.* Thus, the risk of total depletion is, at best, speculative *and* any harm flowing from depletion can be resolved through monetary damages.

Moreover, Plaintiff OWC's allegations are too conclusory to allow the Court to infer a risk of spoliation. Plaintiff OWC notes that Defendant MSS locked Plaintiff out of Interstitial Systems property for a period of time. Yet, Plaintiff OWC does not allege that it discovered any type of property destruction in June 2020 (when it allowed access to Interstitial offices). Likewise, Plaintiff OWC does not allege any facts from which this Court can infer that Defendant MSS has destroyed the Interstitial Systems' documents or equipment that it has in its possession *or* that Defendant MSS has any intent to destroy such documents.[1] *Cf. Flextronics*, 2013 WL 5200175, at *8. Accordingly, Plaintiff OWC has not meet the requisite "irreparable harm" standard and the Court **DENIES** Plaintiff's motion for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: August 20, 2020

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

---

[1] The Court notes Defendants' independent obligation to preserve information that it knows or should know will be discoverable in this action. *See* Fed. R. Civ. P. 26, 37.