UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OWC SANTA CRUZ MFG LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER W. LOCHHEAD, et al.,<br><br>Defendants. | Case No. 5:20-cv-05835-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 71 |

Plaintiff OWC Santa Cruz Mfg LLC ("OWC") brings this case asserting claims under California state law on the basis of diversity jurisdiction against Monterey Storage Solutions LLC ("MSS"), Ben Rewis, Christopher Lochhead, Gil Spencer, Shakuntala Atre, and Nisha Atre (collectively "Defendants"). As explained below, because OWC provides sufficient evidence to demonstrate that two member limited liability companies of OWC's sole member, Openroads Wealth Capital, LLC ("Openroads"), are citizens of states where defendants Ben Rewis, Christopher Lochhead, Shakuntala Atre, and Nisha Atre currently reside, complete diversity does not exist. The Court must therefore **DISMISS** the case for lack of subject matter jurisdiction.[1]

I.  **RELEVANT BACKGROUND**

OWC asserts nine claims under California state law against Defendants.[2] *See* Second Amended Complaint ("SAC"), Dkt. No. 57. OWC's factual allegations all arise from its 2019

---

[1] The Court took the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b)

[2] These claims include breach of the covenant of good faith and fair dealing, declaratory relief, tortious interference with contract, civil conspiracy, fraud, constructive fraud, breach of fiduciary duty, and breach of contract. SAC ¶¶ 120-209.

Case No.: 5:20-cv-05835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1

investment in Interstitial Systems ("Interstitial"), a cannabis process start-up that was in the process of developing a 4,200 square foot manufacturing and distribution facility in Santa Cruz, California on a piece of property owned by Tushar Atre, the owner and chairman of Interstitial. *Id*. ¶¶ 15-21, 34. OWC purchased a 27.5% membership interest in Interstitial with an option to further invest in the company for a total interest of 42.5%. *Id*. ¶ 34. Defendant MSS, which was also owned, controlled, and operated by Tushar Atre, held the remaining membership interest in Interstitial. *Id*. ¶ 35. The two parties also agreed to an amended and restated Operating Agreement for Interstitial.

Under the Operating Agreement, MSS had the right to appoint three managers to Interstitial's Board of Managers, while OWC had the right to appoint two managers. *Id*. ¶ 39; Amended and Restated Operating Agreement ("Operating Agreement"), Dkt. No. 57-1, Ex. B at p. 2, §2.3. Pursuant to the Operating Agreement if a member of Interstitial transferred all or any portion of the member's membership interest, Interstitial would have the option to purchase that interest and if Interstitial decided not to exercise that option, the other member would have the option to purchase the transferring member's membership interest. Operating Agreement, p. 13, § 6.1. If the parties were unable to agree on a purchase price, then the Operating Agreement provided a procedure for obtaining an appraisal of the membership interest. *Id*. The time for closing the sale of the membership interest would be no later than 30 days after "determination of the purchase price," unless the parties agreed otherwise. Operating Agreement, § 6.1(f).

On October 1, 2019, Tushar Atre died, and his Estate took control of his interest in MSS. SAC ¶¶ 2, 60. MSS appointed Ben Rewis, Christopher Lochhead and Gil Spencer as the "MSS-Appointed Managers," to serve as managers of Interstitial. *Id*. ¶¶ 4-7, 78. Thereafter, OWC exercised its right under the Operating Agreement to purchase MSS's membership interest in Interstitial. *Id*. ¶ 79. An appraiser was appointed and subsequently issued an appraisal of the company. *Id*. ¶¶ 80, 88. However, MSS and OWC were unable to agree on the terms of a purchase agreement and promissory note. *Id*. ¶¶ 90-97, 104-115. OWC brought suit against MSS and the MSS-managers after MSS refused to transfer its membership interest by the deadline that OWC claims the Operating Agreement

Case No.: 5:20-cv-05835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

2

1 requires. *Id.* ¶ 117.

2 OWC also submitted a Creditor's claim to the Estate of Tushar Atre based in part on Mr.
3 Atre's alleged misrepresentations and misappropriation of funds related to OWC's investment in
4 Interstitial. *Id.* ¶ 118. The Estate rejected the Creditor's claim, prompting OWC to also bring claims
5 against Shakuntala Atre, as Trustee and Executor of Tushar Atre's Trust and Estate, and Nisha
6 Atre.

7 As litigation was ongoing, OWC discovered that Openroads, the sole member of OWC, had
8 between 75 and 100 members, that one of these members is a closely-held limited liability company
9 with its sole member being an individual residing in California, and that another member of Openroads
10 is a closely-held limited liability company with its sole member being an individual residing in New
11 York. *See* Decl. of Anthony J. Hornbach ("Hornbach Decl."), Dkt. No. 71-1 ¶ 2; Decl. of Jack Heekin
12 ("Heekin Decl."), Dkt. No. 71-2 ¶¶ 3-5. Counsel for OWC determined that this Court lacks subject
13 matter jurisdiction over this action and notified Defendants of the situation. Hornbach Decl. ¶ 8.
14 OWC proposed that the parties stipulate to the voluntary dismissal, but Defendants declined to
15 stipulate. *Id.* ¶ 9.

16 OWC has now filed this motion to dismiss for lack of subject matter jurisdiction. ("Mot."),
17 Dkt. No. 71. Defendants filed an opposition ("Opp'n") to the motion, to which OWC has filed a reply
18 ("Reply in Supp. Mot."). Dkt. Nos. 83, 84. The individual defendants have also filed two separate
19 motions to dismiss the SAC, while OWC filed a separate motion to dismiss counterclaims raised by
20 MSS. *See* Dkt. Nos. 67, 70, 74. Because the Court concludes that it has no jurisdiction over this
21 dispute as explained below, this Order only addresses OWC's motion to dismiss for lack of subject
22 matter jurisdiction.

23 **II. LEGAL STANDARD**

24 For a federal court to exercise subject matter jurisdiction over a case under diversity of
25 citizenship, the opposing parties must be citizens of different states and the amount in controversy
26 must exceed $75,000. 28 U.S.C. § 1332(a). "One claim against one non-diverse defendant violates

27
28 Case No.: 5:20-cv-05835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION

3

this complete diversity requirement and is sufficient to destroy diversity jurisdiction." *Richer v. Travelers Com. Ins. Co.*, No. 17-CV-04984-HSG, 2017 WL 5618524, at *1, *2 (N.D. Cal. Nov. 22, 2017) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Whether the Court Has Subject Matter Jurisdiction Over the Action

OWC previously alleged that "this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000. SAC ¶ 11. Although the amount in controversy remains more than $75,000, OWC now asserts that there is not complete diversity of citizenship among all parties. Mot. at 4. Limited liability companies such as OWC "have the citizenship of all their owners/members . . . for diversity of citizenship under 28 U.S.C. § 1332." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). As discussed above, two members of Openroads, OWC's sole member, have members residing in New York and California. *See* Hornbach Decl. ¶7; Heekin Decl. ¶¶ 3-5. OWC argues that because defendants Rewis and Lochhead are citizens of California and defendants Shakuntala Atre and Nisha Atre are citizens of New York, subject matter jurisdiction is lacking. Mot. at 4.

The Court agrees with OWC. Defendants do not contest that defendants Rewis and Lochhead are citizens of California and defendants Shakuntala Atre and Nisha Atre are citizens of New York. Rather, Defendants argue that the declarations OWC has submitted in support of its position are insufficient because they do not include "testimony regarding jurisdiction facts by members who purportedly reside in California or New York." Opp'n at 6. Defendants also argue that Mr. Heekin's declaration lacks foundation and his statement that he is a "part-owner" of Openroads is an impermissible legal conclusion. *Id.* at 4-6. Mr. Heekin, however, has unequivocally declared under penalty of perjury that he is a part owner of Openroads. A

1  declaration signed by a part-owner, stating that two of Openroads' members are citizens of
2  California and New York is substantial enough to qualify as "competent proof" under the standard
3  articulated by the Supreme Court in *Hertz Corp. v. Friend*, to assess jurisdictional allegations. 559
4  U.S. 77, 96-97 (2010). Moreover, Defendants point to no authority requiring a declaration to
5  identify members of a limited liability company with precision or include declarations from
6  individual members. *See California Auto. Ins. Co. v. Basscraft Mfg. Co.*, No. CV 5:19-2259-
7  MWF-SHK, 2020 WL 730851 at *5 (C.D. Cal. Feb. 13, 2020) ("Defendants . . . do not point to
8  any authority requiring an affidavit to identify the 'members'"). [3]

9  Thus, Defendants arguments fail to adequately contest that Openroads, OWC's sole
10 member, is comprised of members who are citizens of states where certain defendants are also
11 citizens. Without complete diversity of citizenship amongst the parties, the Court must **GRANT**
12 OWC's motion to dismiss for lack of subject matter jurisdiction.

### B. Whether Sanctions Against OWC Are Appropriate

Defendants also request for the Court to retain jurisdiction to hear and determine
Defendants' anticipated motion for sanctions against OWC and its counsel regardless if the Court
dismisses the action. Because OWC aggressively litigated this case, causing Defendants to incur
fees and costs defending this action, Defendants argue they should be entitled to seek recovery of
monetary sanctions from OWC and its counsel. Opp'n at 7 (citing *Christian v. Mattel*, *Inc.*, 286
F.3d 1118, 1127 (9th Cir. 2002) (holding that before filing a complaint, a party is obligated under
Rule 11 to investigate the applicable facts and law to ensure that the claims have merit).

---

[3] OWC also filed a supplemental declaration by Anthony Hornbach with its reply, which includes OWC's responses to Defendants' jurisdictional requests made after OWC notified Defendants of their subject matter jurisdiction inquiry. *See* Dkt. No. 84-1. OWC identified in interrogatory responses the specific names of Openroads' members who reside in California and New York. Supp. Hornbach Decl. ¶ 3-4, Exs. A-E. Because the supplemental declaration was submitted to rebut arguments raised in Defendants' opposition, the Court also considered the declarations and its attachments. *See Synopsys, Inc. v. Mentor Graphics Corp.,* No. 12-6467 C MMC, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's Administrative Motion for Leave to File Sur–Reply is hereby DENIED. . . Mentor does not "[raise new arguments and evidence] . . . in its reply brief" . . . but, rather, responds to arguments made in Synopsys's opposition").

Case No.: 5:20-cv-05835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
5

Defendants add that the rules governing limited liability company citizenship have been established and therefore, OWC's actions demonstrate a failure to conduct a reasonable investigation of the factual basis for its claims and the jurisdictional issue prior to filing. *Id*.

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). The Court may exercise its inherent powers to "protect[ ] the due and orderly administration of justice and maintain[ ] the authority and dignity of the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotation marks omitted). That power includes the power to sanction conduct. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct (1) Federal Rule of Civil Procedure 11 . . . (2) 28 U.S.C. § 1927 . . . and (3) the court's inherent power."). Sanctions "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 993–94. Courts have "broad fact-finding powers to grant or decline sanctions" warranting "great deference." *Smith v. Lenches*, 263 F.3d 972, 978 (9th Cir. 2001) (citing *Primus Automotive Financial Services, Inc.*, 115 F.3d at 649.

Moreover, Federal Rule of Civil Procedure 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." When evaluating the imposition of sanctions, Rule 11 requires the court to consider not whether the party demonstrated subjective good faith in filing the document, but whether the party acted objectively reasonable in doing so. *See G.C. &*

Case No.: 5:20-cv-05835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

6

*K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

The Court must exercise its inherent powers, however, with restraint and discretion. *Chambers*, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Miller v. City of Los Angeles*, 661 F.3d 1024, 1036 (9th Cir. 2011) ("The court's determination that Arias's conduct constituted bad faith was not illogical or implausible and had ample support in the record; we are therefore bound to uphold it.").

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45–46. Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar assessment of attorneys' fees." *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted). Sanctions, then, are justified "when a party acts for an improper purpose—even if the act consists of making a truthful statement or a non-frivolous argument or objection." *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986).

Although the evidence could suggest OWC and its counsel did not make a reasonable and competent inquiry before filing its initial complaint or subsequent amended complaints, its failure does not provide an independent basis for the imposition of sanctions. There is not sufficient evidence on the record to conclude that OWC's initial failings were the result of "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . .." Fed. R. Civ. P. 11(b)(1). Additionally, because OWC has made a type of technical error that courts traditionally allow parties to correct, it would be improper to impose sanctions solely on this basis. *See Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1136 (9th Cir. 1997) (holding that it would have been improper to impose sanctions solely because counsel had failed to properly plead its client's citizenship).

Case No.: 5:20-cv-05835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

7

As such, the Court finds sanctions would not be appropriate under applicable law and therefore, the Court **DENIES** Defendants' request.[4]

## IV. CONCLUSION

For the reasons set forth above, OWC's second amended complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. OWC's separate motion to dismiss MSS's counterclaims, defendants Gil Spencer, Ben Rewis, and Christopher Lochhead's motion to dismiss the second amended complaint, and defendants Shakuntala Atre and Nisha Atre's motion to dismiss the second amended complaint are **DENIED as moot**.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 27, 2021

EDWARD J. DAVILA
United States District Judge

---

[4] After the Court took this matter under submission, Defendants filed a motion entitled "Conditional Application for Leave to File Motion for Sanctions." Dkt. No. 86. Defendants again request that the Court retain jurisdiction and grant Defendants leave to file a motion for sanctions against Plaintiff and its counsel under 28 U.S.C. § 1927 and/or the Court's inherent authority. *Id*. at 2. Defendants, however, cite to no rule in the Federal Rules of Civil Procedure or the Civil Local Rules which allow for submission of a "conditional" motion. Moreover, Defendants make the same argument the Court already discussed and rejected herein. Accordingly, Defendants' conditional application is **DENIED**.